IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRAVIUS KENTRELL TUCKER,** <br> *and all others similarly situated*, <br><br> **Plaintiff,** <br><br> vs. <br><br> **UNITED STATES OF AMERICA,** <br> **DEPARTMENT OF JUSTICE AND** <br> **STATE OF ILLINOIS,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 23-cv-03877-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

Plaintiff Travius Kentrell Tucker is an inmate in the Illinois Department of Corrections (IDOC) and is currently incarcerated at Menard Correctional Center. He filed this action *pro se* pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act. (Doc. 1). Tucker challenges his conviction and sentence for felony murder and seeks release from confinement and money damages on behalf of all inmates serving a sentence for felony murder in the State of Illinois. *Id*. This case is before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen and dismiss claims that are legally frivolous or malicious, fail to state a claim for relief, or seek money damages from a defendant who is immune from relief. 28 U.S.C. § 1915A(a)-(b).

## The Complaint

Tucker makes the following allegations in the Complaint (Doc. 1, pp. 6-9): Tucker is a black man who was arrested, charged, convicted, and sentenced to 13 years of imprisonment for home invasion and 55 years for felony murder. *Id*. at 7. The State's Attorney knew he was not

1

the individual who shot and killed the victim. *Id*. While he serves time for felony murder in the State of Illinois, none of the individuals who stormed the United States Capitol Building were arrested and charged with felony murder for the crimes they committed on January 6, 2021. This is a violation of his right to equal protection of the law and a miscarriage of justice. *Id*.

## Discussion

As an initial matter, Tucker seeks to bring a class action. However, he is not represented by counsel and cannot pursue claims on behalf of a class of plaintiffs. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. Therefore, his request for class certification is denied.

Section 1983 provides the proper avenue to relief when a prisoner seeks money damages for violations of his constitutional rights by state actors. 42 U.S.C. § 1983. Here, Tucker names no state actors as defendants – the only named defendants are the United States, United States Department of Justice, and State of Illinois. Section 1983 does not govern claims for money damages against the United States or its agencies. *See id*. Moreover, the Eleventh Amendment bars suits for money damages against the State of Illinois. *MCI Telecommunications Corp. v. Illinois Bell Telephone Co.*, 222 F.3d 323, 336 (7th Cir. 2000) (Eleventh Amendment bars federal jurisdiction over suits against a state by its own citizens and citizens of another state or foreign state). Thus, Tucker cannot state a claim against the defendants under § 1983.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80, waives sovereign immunity of the United States for certain torts that are committed by federal employees while acting within the scope of their employment. *Brownback v. King*, 592 U.S. --, 141 S.Ct. 740 (2021) (citing *FDIC v. Meyer*, 510 U.S. 471, 475-76 (1994)). The United States is the only proper defendant in an FTCA action. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v.*

*United States*, 701 F.2d 56, 58 (7th Cir. 1982); 28 U.S.C. §§ 2679(b), 1346(b)(1). Although Tucker named the United States as a defendant,[1] he does not articulate a claim for tortious conduct by a federal employee that is covered by the FTCA. Instead, he seeks to challenge his state court convictions and sentences based on allegations of misconduct by state officials. As such, he cannot proceed with respect to claims against the United States, United States Department of Justice, or State of Illinois under the FTCA.

In sum, the Complaint does not survive screening under 28 U.S.C. § 1915A and will be dismissed for failure to state a claim upon which relief may be granted.

### Disposition

For the foregoing reasons, the Complaint (Doc. 1) is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Plaintiff's Motion for Leave to Amend Complaint (Doc. 14) is **DENIED**.[2]

The Clerk's Office is **DIRECTED** to **CLOSE** this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 3/14/2024**              s/ *Staci M. Yandle*
                                  **STACI M. YANDLE**
                                  **United States District Judge**

---

[1] The Department of Justice is not the same entity as the United States. In this context, "[g]overnment agencies do not merge into a monolith; the United States is an altogether different party." *Hughes*, 701 F.2d at 58. Absent "explicit authorization to the contrary," a federal agency cannot be sued directly under the FTCA, regardless of that agency's authority to sue or be sued. *See* 28 U.S.C.A. § 2679; *Russ v. United States*, 62 F.3d 201, 203 n. 1 (7th Cir. 1995).

[2] Plaintiff seeks leave to amend the Complaint in piecemeal fashion. Plaintiff cannot make a piecemeal amendment to a Complaint, and he was not granted permission to proceed with this action on behalf of a group of plaintiffs.